IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JAMES LEE CECIL, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action Nos. 7:20-cv-00349 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| GREGORY WINSTON, *et al.*, | ) | United States District Judge |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is plaintiff James Lee Cecil, Jr.'s motion for preliminary injunction (Dkt. No. 4), which he filed *pro se*.[1] His motion was received by the Clerk on July 9, 2020. As he describes it in a later-filed document, his motion requests two different aspects of injunctive relief. First, he seeks an order directing defendants to remove him from "unjustified segregation." Second, he seeks an order directing defendants not to retaliate against any other inmates who submit declarations for the plaintiff in support of his retaliation claims. (*See generally* Dkt. No. 14 (describing his own motion).)[2]

On August 17, 2020, the Clerk received another document from Cecil, in which he noted that he was no longer housed in segregation as of July 9, 2020, which was the date his motion for preliminary injunction was received. He thus rightly acknowledges that his first request for injunctive relief—a transfer from segregation—is moot. (Dkt. No. 14.) He contends, however, that the court still should grant him the second portion of his request, prohibiting defendants

---

[1] Counsel has since entered an appearance on behalf of Cecil.

[2] It is not clear to the court that Cecil's motion for preliminary injunction was asking for the precise relief of directing defendants not to retaliate against other inmates, but, for purposes of this order, the court will credit Cecil's characterization of his own motion.

from retaliating against other inmates for assisting him in his lawsuit.  (*Id.*)

Preliminary injunctive relief is an "extraordinary" remedy that courts should grant only "sparingly."  *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 816 (4th Cir. 1991).  The party seeking the preliminary injunction must demonstrate that: (1) he is likely to succeed on the merits at trial; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest.  *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, 22 (2008); *League of Women Voters of N.C. v. North Carolina*, 769 F.3d 224, 249 (4th Cir. 2014).  The remedy may be granted only on a "clear showing" of entitlement to relief.  *Winter*, 555 U.S. at 22.  Critically, the movant must satisfy all four requirements to obtain preliminary injunctive relief.  *Real Truth About Obama, Inc. v. FEC*, 575 F.3d 342, 345–46 (4th Cir. 2009), *vacated on other grounds*, 559 U.S. 1089 (2010).

The court has reviewed the record and concludes that Cecil is not entitled to the preliminary injunction he seeks.  Even assuming that he has standing to request an order prohibiting defendants from retaliating against other inmates, he has presented no evidence that any defendant has taken any retaliatory action against any other inmate or is likely to do so.  Cecil states that some inmates who gave him declarations requested that he wait until after they are transferred from the facility before submitting those declarations to the court, and he contends that is because they fear retaliation, having watched him be moved to segregation allegedly for engaging in litigation against jail officials.  But he does not identify any actions by any specific defendants directed at other inmates.  In short, he has not shown a reasonable likelihood that, without the court's intervention, the same harm is likely to occur again, such that the harm is "neither remote nor speculative, but actual and imminent."  *Direx Israel, Ltd.*, 952 F.2d at 812; *see also Williams v. Maryland*, No. CIV.A. DKC 09-0879, 2011 WL 3422825, at *9

(D. Md. Aug. 3, 2011) (denying prisoner's motion for preliminary injunction where plaintiff had only speculative and "unsubstantiated fears" of retaliation from corrections officers).

For the foregoing reasons, plaintiff's motion for preliminary injunction (Dkt. No. 4) is DENIED.  The Clerk is directed to provide a copy of this memorandum opinion and order to all counsel of record.

Entered: November 3, 2020.

*/s/ Elizabeth K. Dillon*

Elizabeth K. Dillon
United States District Judge